**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION**

ROBERT SHOULDERS                                                    PLAINTIFF

VS.                                             CIVIL ACTION NO. 3:07cv236 HTW-LRA

TERRY N. LOVELACE and
UTILITY CONSTRUCTORS, INC.                                          DEFENDANTS

### <u>MEMORANDUM OPINION AND ORDER</u>

Before this court are the defendants', Terry N. Lovelace ("Lovelace") and Utility

Constructors, Inc.'s ("UCI"), motions to dismiss certain claims [docket ## 6 & 8],

respectively, pursuant to Federal Rule of Civil Procedure 12(b)(6).[1]  Also before the

court is the plaintiff's motion to strike defendant's request for Rule 11(c) sanctions

[docket #21].  Defendants have withdrawn their request for sanctions [see docket ## 23

& 24].

Defendants Lovelace and UCI's motions to dismiss request that the court: (1)

dismiss the plaintiff's Title VII claims against Lovelace because Lovelace is not an

"employer" within the meaning of Title VII;[2] (2) dismiss the plaintiff's state law

negligence and gross negligence claims, because of the exclusivity provisions of the

Mississippi Workers' Compensation Act, Miss. Code Ann. § 71-3-9[3] (Supp. 2007); and

---

[1]Fed. R. Civ. P. 12(b)(6) permits a defendant to assert by motion a defense that plaintiff has failed to "state a claim upon which relief my be granted."

[2]Title 42 U.S.C. § 2000-e, Title VII of the Civil Rights Act of 1964, declares in pertinent part that it is an unlawful employment practice for any employer within its scope to discriminate against or deny opportunity to an employee "because of such individual's race, color, religion, sex, or national origin."

[3]Miss. Code Ann. § 71-3-9 in pertinent parts says: The liability of an employer to pay compensation shall be exclusive and in place of all other liability of such employer to the employee . . . and anyone otherwise entitled to recover damages at common law or otherwise

(3) dismiss plaintiff's state law claim of intentional infliction of emotional distress, also

because of the thrust of this Act.

## I.   Procedural Facts and Background

Terry N. Lovelace is the President of UCI, a Mississippi Corporation.  Lovelace

also supervises the day-to-day operations of the company including the activities of its

employees, including the plaintiff.  The plaintiff, Robert Shoulders, an African-American

male, began working for UCI in 1985 as a laborer.  The plaintiff held this position with

UCI until he was terminated on January 3, 2007.  Following his termination, plaintiff filed

a Charge of Discrimination with the United States Equal Employment Opportunity

Commission ("EEOC"),[4] alleging, *inter alia*, race discrimination and hostile work

environment based upon his race.  On April 17, 2007, the EEOC issued plaintiff a

Notice of Right to Sue.[5]  On April 30, 2007, plaintiff filed his complaint against the

defendants in the United States District Court.

The complaint alleges claims for race discrimination, retaliation, racial

---

from such employer on account of such injury or death, except that if an employer fails to
secure payment of compensation as required by this chapter, an injured employee, or his legal
representative in case of death results from the injury, may elect to claim compensation under
this chapter, or to maintain an action at law for damages on account of such injury or death.

[4] Title 42 U.S.C. § 2000e-5(e)(1) mandates that a charge of employment discrimination
must be filed with the EEOC within 180 days after the occurrence of the alleged unlawful
employment practice . . .

[5] Under Title 42 U.S.C.§ 2000e-5(f)(1), the receipt of the right-to-sue letter indicates that
a complainant has exhausted administrative remedies, an essential element for bringing a claim
in court under Title VII.  *See also Davis v. Dallas Area Rapid Transit*, 383 F.3d 309, 314-315 (5th
Cir. 2004).  The claimant must file a civil action within 90 days of the date in which he or she
receives notice of the EEOC's decision.  The on-set of the 90 day period is generally
considered to be the date on which the complainant receives the right-to-sue letter.

harassment and hostile work environment based upon race, in violation of Title VII of the Civil Rights Act of 1964, Title 42 U.S.C. § 2000(e), et seq.,[6] and intentional discrimination in employment under Title 42 U.S.C. § 1981, et seq.[7]  Furthermore, the complaint asserts claims against defendants under Mississippi law for negligence and gross negligence, and intentional infliction of emotional distress.  The complaint seeks both compensatory and punitive damages.

## II.    Legal Standard

### A.    Rule 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) provides that a party may move to dismiss an action for "failure to state a claim upon which relief may be granted."  Fed. R. Civ. P. 12(b)(6).  When considering a Rule 12(b)(6) motion, a court must accept the plaintiff's allegations as true and draw all inferences in his favor.  *See Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 164, 113 S.Ct. 1160, 122 L.Ed.2d 517 (1993);  *United States v. Gaubert*, 499 U.S. 315, 327, 111 S.Ct. 1267, 113 L.Ed.2d 335 (1991).  The court may not look beyond the face of the pleadings to determine whether relief should be granted based on the alleged facts. *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999) (citing *St. Paul Ins. Co. of*

---

[6]Title 42 U.S.C. § 2000(e) permits an employee to assert a civil claim against an employer who discriminates against the employee on the basis of race, color, religion, sex, or national origin.

[7]Title 42 U.S.C. § 1981(a) provides that, "[a]ll persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licences, and exactions of every kind, and to no other."

*Bellaire, Texas v. AFIA Worldwide Ins*. Co., 937 F.2d 274, 279 (5ᵗʰ Cir. 1991)); *Baker v. Putnal*, 75 F.3d 190, 196 (5ᵗʰ Cir. 1996).  A motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6) is "viewed with disfavor and is rarely granted." *Lowery v. Texas A & M Univ. Sys.*, 117 F.3d 242, 247 (5ᵗʰ Cir. 1997).  To avoid dismissal for a failure to state a claim, a "plaintiff must allege enough facts to state a claim to relief that is plausible on its face" and "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, _____ U.S. _____, ___, 127 S.Ct. 1955, 1964-65, 1974 (2007); *Nationwide Bi-Weekly Admin., Inc. v. Belo Corp.*, 2007 WL 4465124,*1(5th Cir. 2007).

## B.   Mississippi Workers' Compensation Act

Inasmuch as this court has subject matter jurisdiction pursuant to the authority of Title 28 U.S.C. § 1331,[8] the court is still required to apply Mississippʼsi substantive law in determining the applicability of the Mississippi Workers' Compensation Act.  *See Erie R. Co. v. Thompkins*, 304 U.S. 64, 78-80, 58 S.Ct. 817, 82 L.Ed. 1188 (1938); *Huss v. Gayden*, 465 F.3d 201, 205-06 (5ᵗʰ Cir. 2006).

The Mississippi Workers' Compensation Act, Miss. Code Ann. § 71-3-1,[9] entitles an employee injured while in the course and scope of his employment to receive workers' compensation benefits, but prohibits that employee from maintaining an action in common law against his employer for all but intentional acts.  Mississippi case law is

---

[8]Title 28 U.S.C. § 1331 provides: The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.

[9]Miss. Code Ann. §§71-3-1 et seq., 71-3-9 provides:  The liability of an employer to pay compensation shall be exclusive and in place of all other liability of such employer to the employer, his legal representative, husband or wife, parents, dependents, next of kin, and anyone otherwise entitled to recover damages in common law or otherwise from such employer on account of such injury or death.

clear that when an employee is injured while in the course and scope of his employment, the sole and exclusive remedy of the employee against the employer is that provided for by the Mississippi Workers' Compensation Act.  *Sawyer v. Dependence of Head*, 510 So.2d 472, 478 (Miss. 1978);  *see also Brown v. Estess*, 374 So.2d 241, 242-43 (Miss. 1979).

The exclusivity provision of the Mississippi Workers' Compensation Act, Miss. Code Ann. § 71-3-9 (2007), provides:

> The liability of an employer to pay compensation shall be exclusive and in place of all other liability of such employer to the employer, his legal representative, husband or wife, parents, dependents, next of kin, and anyone otherwise entitled to recover damages in common law or other- wise from such employer on account of such injury or death . . .

The exclusivity provision of the Act is not applicable to an employee's claim if: (1) the injury is caused by the willful act of the employer or another employee acting in the course and scope of employment and in the furtherance of the employer's business; and (2) the injury must be one that is not compensable under the Act.  *Newell v. Southern Jitney Jungle Co.*, 830 So.2d 621, 624 (Miss. 2002).

According to the Mississippi Workers' Compensation Act, UCI qualifies as an "employer" because it has five or more workmen under contract for hire:

> The following shall constitute employers subject to the provisions of this chapter: Every person, firm and private corporation, including any public service corporation but excluding, however, all non-profit charitable, fraternal, cultural, or religious corporations or associations, that have in service five (5) or more workmen or operatives regularly in the same business or in or about the same establishment under any contract of hire, express or implied.  Miss. Code. Ann. § 71-3-5 (Rev. 2000).

5

### III.    Discussion

**A.    Plaintiff's Title VII Claims Against Lovelace**

Defendant Lovelace's motion to dismiss asks this court to dismiss plaintiff's Title VII claims for race discrimination, retaliation, racial harassment, or hostile work environment against defendant Lovelace individually.  Plaintiff contends that "both UCI and Lovelace were the plaintiff's actual employers."  In support of that notion, plaintiff directs the court's attention to the defendant's alleged control over the "compensation, terms, conditions and privileges of the plaintiff's employment."  According to Title 42 U.S.C. § 2000e-2(b):

> The term "employer" means a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, and any agent of such a person, . . .

Well established Fifth Circuit law holds that Title VII liability does not attach to individuals acting in their individual capacity.  *Huckabay v. Moore*, 142 F.3d 233, 241 (5th Cir. 1998); *Garcia v. Elf Atochem N. Am.*, 28 F.3d 446, 451 n.2 (5th Cir. 1994); *Grant v. Loan Star Co.*, 21 F.3d 649, 653 (5th Cir. 1994).  The exclusivity provision applies not only to the employer, but to an employee's co-workers, including managers and supervisory personnel.  *Frye v. Airco, Inc.* 269 F.Supp.2d 743, 747 (S.D. Miss. 2003); *see also Griffin v. Futorian Corp.*, 533 So.2d 461, 464 (Miss. 1988) (extending immunity to corporate manager).

Moreover, plaintiff cited only UCI as his employer in his Charge of Discrimination.  Plaintiff may not maintain a Title VII claim against anyone other than his employer, UCI.  Therefore, plaintiff's Title VII claims against defendant Lovelace in his individual

6

capacity, are dismissed as a matter of law.

**B.     Plaintiff's Claims for Negligence and Gross Negligence**

Defendant UCI contends that plaintiff's state law claims of negligence and gross negligence are barred by the exclusive remedy provision of the Mississippi Workers' Compensation Act.  Plaintiff avoided any effort to provide support for his negligence and gross negligence claim in his response to the defendants' motions to dismiss.  The only state law claim the plaintiff attempts to defend is his claim of intentional infliction of emotional distress.

Based on the complete lack of evidence produced by plaintiff and his failure to respond to this issue in his opposition to the defendants' motions, the court will assume, at least for the purposes of the instant motion, that the plaintiff has waived his defenses and consented to the applicable law as provided by the defendants.

 Had plaintiff responded to the defendants' request to dismiss this claim, plaintiff would have been hard pressed to ignore the dictates of the Mississippi Workers Compensation Act exclusivity provision, which bars an employee's tort claim that is grounded in negligence.  *See* Miss. Code Ann. § 71-3-9.  Therefore, the plaintiffs claims of negligence and gross negligence are dismissed as a matter of law.

**C.     Plaintiff's Intentional Infliction of Emotional Distress Claim**

Defendants also contend that plaintiff's state law claim of intentional infliction of emotional distress is barred by the exclusive remedy provision of the Mississippi Workers' Compensation Act.  The Mississippi Supreme Court in *Blailock v. O'Bannon*, 795 So.2d 533, 535 (Miss. 2001), set out two elements that must be met to avoid the

7

exclusivity of the Act:

    (1)  The injury must be caused by the willful act of the employer or another
          employee acting in the course of employment and in the furtherance
          of the employer's business; and

    (2)  The injury must be one that is not compensable under the Act.

The court in *Blailock* went on to hold that "a mere willful and malicious act is insufficient to give rise to the intentional tort exception to the exclusive remedy provision of the Act. There must be a finding of an "actual intent to injure." *Id.* Plaintiff's claim of intentional infliction of emotional distress against his employer clearly arises from his employment relationship with the defendants. Moreover, the damages stemming from the alleged intentional infliction of emotional distress are not compensable under the Act because they stem from a wilful and intentional act, not a negligent or grossly negligent act. The remaining, and most pertinent question is whether the defendants action "intended to injure" plaintiff. At this stage of the proceedings, the court is unprepared to make a finding on this issue. Thus, this court will not dismiss this claim.

## IV.    Conclusion

Based on the foregoing, the court hereby grants defendants' motion to dismiss plaintiff's negligence and gross negligence claims, and plaintiff's Title VII claim against defendant Lovelace, in his individual capacity, as these claims are precluded by the Mississippi Workers' Compensation Act, and Title VII, respectively.

The court, however, will retain jurisdiction over the remaining claims, namely, plaintiff's Title VII claims against Utility Corporation Inc., and plaintiff's ancillary state law claim against defendant Lovelace for intentional infliction of emotional distress. The

court will also grant the plaintiff's motion to strike defendant's request for sanctions, as

it is unopposed by the defendants.

   **SO ORDERED** this the 27th day of March, 2008.

        **s/ HENRY T. WINGATE**
        **CHIEF UNITED STATES DISTRICT JUDGE**

Civil Action No. 3:07-cv-236 HTW-LRA
Memorandum Opinion and Order