# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# JACKSON DIVISION

ROBERT SHOULDERS                                                             PLAINTIFF

VS.                                 CIVIL ACTION NO. 3:07cv236-HTW-LRA

TERRY N. LOVELACE and
UTILITY CONSTRUCTORS, INC.                                DEFENDANTS

## MEMORANDUM OPINION AND ORDER

Before this court is the defendant Utility Constructors, Inc.'s motion for summary judgment [docket # 108], said motion having been filed pursuant to Federal Rules of Civil Procedure 56 (b)[1] and (c).[2] By this dispositive motion, defendant Utility Constructors, Inc. ("UCI") contends that it is entitled to judgment based upon the undisputed material facts and applicable law. Prior to the earlier hearing of August 13, 2008, on these matters before the court, the parties announced to the court that the plaintiff, Robert Shoulders, had agreed to dismiss, with prejudice, all claims asserted against UCI except for his claim of hostile racial work environment [See minute entry of

---

[1] Fed. R. Civ. P. 56 (b) provides, in pertinent part, that "[a] party against whom a claim . . . is asserted or a declaratory judgment is sought may, at any time, move with or without supporting affidavits for a summary judgment in the party's favor as to all or any part thereof."

[2] Fed. R. Civ. P. 56 (c) provides, in pertinent part, the following: The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

1

August 13, 2008].³ Defendant UCI's motion for summary judgment, therefore, asks this court to dismiss the plaintiff's sole remaining claim of hostile racial work environment [docket # 108]. Defendant urges two grounds in support of this motion: (1) that the evidence presented by the plaintiff is insufficient to meet the necessary elements for maintaining a claim of hostile racial work environment; and, (2) that the plaintiff failed to file his Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") within 180 days after the alleged unlawful employment practice occurred as required by Title 42 U.S.C. § 2000e-5(e)(1).⁴ For the reasons which follow, this court, persuaded by defendant's argument on untimeliness, hereby grants defendant's motion for summary judgment.

## Findings of Fact

The court finds that the plaintiff was terminated on January 3, 2007, after having been employed by UCI for a period of almost twenty (20) years. The plaintiff suffered a work-related injury on January 24, 2006, and was off work and receiving workers' compensation benefits and medical treatment between January 25, 2006 and November 15, 2006. Plaintiff did not report to any work site between January 25, 2006, and November 15, 2006. Plaintiff does not claim to have been the victim of any racially discriminatory actions or statements during that time.

---

³Plaintiff's complaint asserts claims of race discrimination; hostile racial work environment; retaliation; and a state law claim of intentional infliction of emotional harm, suing UCI and its Owner/President, Terry N. Lovelace.

⁴Title 42 U.S.C. § 2000e-5(e)(1) mandates that a charge of employment discrimination must be filed with the EEOC within 180 days after the occurrence of the alleged unlawful employment practice . . .

It is also undisputed that the plaintiff failed to report to work at his assigned work location on December 20, 2006, December 21, 2006, and December 22, 2006. He further failed to contact his supervisor on said dates to advise the supervisor that he, the plaintiff, would not be reporting to work. Plaintiff's failure to report to work, or contact his supervisor to advise him that he would not be reporting to work, for the referenced three-day period, was a direct violation of the personal conduct requirements of UCI and was the reason expressed by UCI for its decision to terminate plaintiff on January 3, 2007.

Plaintiff, contending that UCI had terminated him for racially motivated reasons, filed his Charge of Discrimination with the EEOC on January 25, 2007. Thereafter, he was issued a Notice of Right to Sue on April 17, 2007, and filed suit against the defendants, UCI and its Owner/President Terry N. Lovelace, on April 30, 2007.

## Legal Standard

**Summary Judgment**

The approach for this court's review of motions for summary judgment derives its guideposts from the Federal Rules of Civil Procedure, Rule 56 (c), which authorizes summary judgment where "the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law." *Simmons v. Eagle Support Services Corp.,* 2008 WL 2037467 at *2 (S.D. Miss.) (quoting *Celotex Corporation v. Catrett,* 477 U.S. 317, 322, 91 L.Ed. 2d 265, 106 S.Ct. 2548 (1986)). Necessarily, the court first must determine whether the lawsuit features the

existence of a material undisputed question of fact. Only if the answer is in the negative may this court apply the applicable law before granting summary judgment. *Id.* (citing *John v. State of La. (Bd. Of T. for State C. & U.),* 757 F.2d 698, 712 (5th Cir. 1985)).

**Hostile Work Environment**

In order to establish a *prima facie* case of hostile racial work environment under Title VII, that is, a legal claim rich enough in a disputed, material factual urging to ward off summary judgment, plaintiff must prove that: (1) [plaintiff] belongs to a protected group; (2) [plaintiff] was subjected to unwelcome harassment; (3) the harassment complained of was based on [plaintiff's] protected group; [here, plaintiff's race of African-American]; (4) the harassment affected a term, condition, or privilege of employment; and (5) the employer knew or should have known of the harassment in question and failed to take prompt remedial action. *Means,* 2006 WL 2632568 at *8. (citing *Ramsey v. Henderson,* 286 F.3d 264, 268 (5th Cir. 2002)). Plaintiff must subjectively perceive the harassment as sufficiently severe or pervasive, and this subjective perception must be objectively reasonable. *Harris v. Forklift Sys.*, Inc., 510 U.S. 17, 114 S.Ct. 367, 126 L.Ed.2d 295 (1993). In determining whether a workplace constitutes a hostile work environment, courts must consider the following circumstances: "the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Ramsey,* 286 F.3d at 268 (quoting *Harris*, 510 U.S. at 23, 114 S.Ct. 367)).

### **Plaintiff's Allegations**

Plaintiff relies upon a variety of discriminatory acts to support his claim of racial

4

hostile work environment which allegedly occurred during the time he was employed with UCI. Significantly, he candidly admits that he did not witness many of those acts personally. The acts of which the plaintiff claims to have personal knowledge, or which involve him personally, include the use of racial slurs in the workplace and the pointing and discharge of a handgun at his feet by a supervisor at a jobsite.

This court first addresses the workplace racial slurs. Plaintiff accuses the Owner/President of calling plaintiff a "Nigger" during a telephone conversation between the plaintiff and the President of UCI. UCI, however, already had terminated the plaintiff; thus, this alleged racial slur was not uttered during plaintiff's employment.

The other alleged use of a racial slur alleged by plaintiff occurred when plaintiff says he overheard a supervisor use a racial slur when referring to another employee. The plaintiff is unable to state any specific date or particulars.

Regarding plaintiff's claim that a handgun was fired at his feet by a supervisor on a jobsite, plaintiff estimates that this act took place between six (6) and eleven (11) years ago. Furthermore, plaintiff admits that this was done while the supervisor was involved in "horseplay" with other employees.

### **The 180-day Violation**

Defendant UCI contends that plaintiff failed to file his Charge of Discrimination with the EEOC within 180 days after the last alleged unlawful employment practice had occurred, and that plaintiff's claim of hostile racial work environment must be dismissed for failing to meet this requirement. This court agrees.

In order to bring a Title VII claim, a plaintiff must file [his] Charge of Discrimination with EEOC within 180 days after the alleged unlawful employment practice occurred.

*Means,* 2006 WL 2632568 at *5. (citing 42 U.S.C. § 2000e-5(e)(1); *Merrill v. S. Methodist Univ.,* 806 F.2d 600, 604 (5th Cir. 1986)). Timely filing of an EEOC charge is a precondition to filing in district court, and failure to timely file a charge with the EEOC bars suit on that claim. *Id.* (citing *Palma v. New Orleans,* 115 Fed. Appx. 191, 194 (5th Cir. 2004); *Lovett v. Barbour, Int'l.,* 2005 U.S. Dist. LEXIS 40416, at *7-8 (S.D.Miss. 2005); *Wilson v. West,* 9623 F. Supp. 939, 944 (S.D.Miss. 1997) ("If an EEOC charge is filed untimely, a suit based upon the untimely charge shall also be dismissed.") (citations omitted).

## **Analysis**

The court finds that the plaintiff is unable to assign a specific date to any act of alleged discrimination that may have occurred within 180 days of the plaintiff's filing his charge of discrimination. The plaintiff's own testimony shows that the incident involving a handgun being fired at his feet occurred more than six (6) years ago, and clearly occurred more than 180 days prior to his Charge of Discrimination being filed. And, the alleged referenced use of the racial slur during the telephone conversation following his termination, did not occur during his employment with UCI and, therefore, cannot be the basis of a claim for a hostile racial work environment.

Having found that the plaintiff's racial slur pronouncements do not create a *prima facie* case, this court now turns to plaintiff's claim that he overheard a racial slur being used by a supervisor. Again, based upon the plaintiff's own testimony, he is unable to specify the date when he allegedly overheard the racial slur.

Unmistakably, the plaintiff is unable to state a specific act of discrimination that

6

occurred within 180 days of his EEOC filing. Predictably, and necessarily then, this court finds that the plaintiff has failed to meet the prerequisite of filing his Charge of Discrimination with the EEOC within the time allowed.

Resultedly, the court finds that plaintiff's claim of hostile racial work environment must be dismissed as a matter of law. Furthermore, since the plaintiff's claims are being dismissed based on his untimely EEOC filing, it is not necessary for the court to further review the merits of plaintiff's claim, or whether the acts alleged by the plaintiff are sufficient to maintain a claim for hostile racial work environment.[5]

## **Conclusion**

Based on the foregoing, this court hereby grants defendant's motion for summary judgment and dismisses the plaintiff's sole remaining claim of hostile racial work environment, with prejudice. Given the fact that the parties agreed to the dismissal, with prejudice, of all other claims, except for hostile racial work environment, prior to the

---

[5]Had this court reached the merits, the court would have considered, *inter alia*, jurisprudence relative to pervasiveness, *see,* e.g., *Cavalier v. Clearlake Rehab. Hosp., Inc.*, 306 Fed. Appx. 104, 107 (5th Cir. 2009) (severity or pervasiveness of harrassment is required to show a hostile work environment) and *Allen v. Potter*, 152 Fed. Appx. 379, 382 (5th Cir. 2005) (harassment must be sufficiently severe or pervasive in order to establish a claim for hostile work environment); single, isolated acts, *see, e.g., Johnson v. TCB Constr. Co.*, 334 Fed. Appx. 666, 670 (5th Cir. Miss. 2009) (isolated incidents, unless extremely serious, are not enough to establish a hostile work environment claim) and *Arensdorf v. Geithner*, 329 Fed. Appx. 514, 517 (5th Cir. 2009) ("simple teasing, offhand comments, and isolated incidents, (unless extremely serious) will not amount to discriminatory charges that can survive summary judgment") (quoting *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 348 (5th Cir. 2007)); to what plaintiff himself was subjected, *see, e.g., Johnson*, 334 Fed. Appx. at 670 ("second-hand' harassment, although relevant, [is] less objectionable than harassment directed at the plaintiff") (citing *Moser v. Ind. Dep't of Corr.*, 406 F.3d 895, 903 (7th Cir. 2005); and "horseplay", *see, e.g.*, *Walker v. SBC Servs.*, 375 F. Supp. 2d 524, 539 (N.D. Tex. 2005) (Title VII does not prohibit ordinary socializing in the workplace, such as horseplay) and *Harvill v. Westward Communs., LLC*, 311 F. Supp. 2d 573, 582 (E.D. Tex. 2004) ("Title VII is not intended to convert "horseplay" into conduct which creates discriminatory conditions of employment") (citing *Oncale v. Sundowner Offshore Servs.*, 523 U.S. 75, 140 L. Ed. 2d 201, 118 S. Ct. 998 at 1003).

hearing, the court further hereby dismisses with prejudice all claims brought by plaintiff against UCI and its owner/president Terry M. Lovelace.

The court, in accordance with the local rules, will enter a final judgment.

**SO ORDERED** this the 26th day of March, 2010.

                                              **s/ HENRY T. WINGATE**
                                              **CHIEF JUDGE**
                                              **UNITED STATES DISTRICT COURT**

Civil Action No. 3:07-cv-236 HTW-LRA
Memorandum Opinion and Order